UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

GORDON BOCK,
    Plaintiff :
:
    v. : File No. 1:05-CV-149
:
STEVEN GOLD, JANICE RYAN, :
RAYMOND FLUM, JOANNE PEREIRA, :
THOMAS DUNN, MICHAEL CARLISLE, :
CORT JOHNSON, CYNTHIA NICHOLS, :
ALEX ANLYAN, KIT ANDREWS, :
JASON PATRISSI, DAVID LEE, :
JAMES BEDARD, SHAWN SMITH, :
JOHN B. MURPHY, :
    Defendants. :

## RULING ON DEFENDANTS' MOTION TO DISMISS
(Papers 93, 100)

Plaintiff Gordon Bock brings this action under 42 U.S.C. § 1983 alleging Defendants violated his Fourteenth Amendment due process rights by using improper procedures when they revoked his furlough. He also appears to claim his rights were violated by Defendant Cort Johnson, Bock's furlough caseworker, who allegedly made unwanted sexual advances to Bock while he was on furlough. Defendants move to dismiss Bock's due process claims because he has failed to state a claim upon which relief can be granted. Defendants move to dismiss the claim against Defendant Johnson for lack of jurisdiction. For the following reasons, Defendants' Motion to Dismiss is GRANTED.

1

I.  Due Process Claims

   A.  Standard of Review

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007). Dismissal of a complaint under Rule 12(b)(6) "is not warranted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  "The issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996) (quoting Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995)).

   B.  Facts

Keeping this standard in mind, the Court accepts as true the following allegations taken from Bock's amended complaint. Plaintiff Bock was incarcerated in Vermont between January and April 2004 on convictions of domestic abuse and unlawful entry.

He was furloughed[1] in April 2004 on the condition (among others) that he remain gainfully employed. Bock therefore obtained a job at a Vermont bakery. On October 11, 2004, Bock's co-worker complained to their supervisor that Bock had engaged in improper touching. Bock secured the statement of an eye-witness who claimed the conduct never occurred and the co-worker's claim against him was false. Bock's supervisor nonetheless terminated his employment at the bakery. Defendant Johnson spoke with Bock about the termination on October 12, at which point he had Bock reincarcerated for violating the employment condition of his furlough agreement.

Bock appeared at a furlough revocation hearing October 16, 2004 and requested the opportunity to contact witnesses and prepare a defense. Defendant David Lee denied Bock's request and "found Plaintiff guilty of violating his furlough conditions." Plaintiff was also denied the opportunity to attend an October 18 "treatment team" meeting concerning the punishment for his furlough violation as well as a "case staffing meeting." On October 21, 2004, the DOC informed Bock he must earn six credits in the Cognitive Self-Change Program before he could be

---

[1] The parties use the terms furlough and "conditional re-entry." For simplicity, the Court uses the term "furlough" throughout the ruling.

considered for release on furlough.  Earning these credits would require a minimum of six months.

During his incarceration, Bock "exhausted all administrative grievance procedures aimed at overturning his wrongful furlough suspension."  Bock also "sought relief under Rule 75 of the Vermont Rules of Civil Procedure in the matter of Bock v. Gold, Washington Superior Court, Docket No. 678-11-04 WnCv."  Bock "later converted this state court lawsuit into a habeas action under the Vermont Rules of Civil Procedure."

During these proceedings, a Vermont state judge ordered the DOC to give Bock a new hearing and afford him the opportunity to present evidence.  On April 14, 2005, Bock was informed another hearing would be held the next day.  Bock asked to have a representative testify at the hearing to the authenticity of a statement by his witness, and he was granted a five-day continuance.  The hearing was held April 20, 2005 and Bock "was again denied the opportunity to present any witnesses at the hearing."

On May 10, 2005, Bock was released on furlough.

C.  <u>Analysis</u>

Defendants move to dismiss Bock's due process claim because it is barred by the "favorable termination rule" announced in

Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87(footnote omitted). Thus, the Heck Rule does "not engraft an exhaustion requirement upon § 1983, but rather den[ies] the existence of a cause of action" where its requirement is not met. Id. at 489. The Supreme Court then held in Edwards v. Balisok, 520 U.S. 641 (1997) that Heck's favorable termination rule applies to § 1983 claims challenging procedures used in disciplinary proceedings if the plaintiff's underlying claim challenges the fact or length of his confinement. Huang v. Johnson, 251 F.3d 65 (2d Cir. 2001).

The Heck Rule applies to Bock's § 1983 due process claims because he is challenging procedures used in disciplinary proceedings that affected the fact or length of his confinement. Essentially, Bock contends he was wrongfully incarcerated from October 12, 2004 until May 10, 2005 because of procedural defects in his furlough revocation proceeding. In particular, he claims Defendants "in bad faith" and with "improper motive" repeatedly

5

denied him the ability to present evidence during furlough revocation proceedings. Accordingly, Bock "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87 (emphasis added). The Court finds Bock has not made this showing.

Bock avers he "exhausted all administrative grievance procedures aimed at overturning his wrongful suspension." (Complaint ¶ 23.) He provides no evidence, however, showing these administrative procedures resulted in a reversal. Likewise, Bock claims he "sought relief under Rule 75 of the Vermont Rules of Civil Procedure in the matter of Bock v. Gold, Washington Superior Court, Docket No. 678-11-04." (Complaint ¶ 23.) He also notes he "later converted this state court lawsuit into a habeas corpus action." The record before the Court shows judgment was entered for Defendants docket number 678-11-04 on a Motion for Summary Judgment.

Moreover, the evidence Bock provides to satisfy his burden under Heck appears to mischaracterize the record. For example, Bock claims a judge "ruled that 'the DOC did it wrong the second time as well.'" (Document 94 at 19-20.) The full text of that

6

entry, however, states, "Sounds like this is a new claim – 'DOC did it wrong 2d time as well.' Has Bock now been furloughed?" (Document 93-4.)  Likewise, Bock claims a judge ruled "four times DOC personnel came to wrong conclusion re furlough revocation." Again, however, the record shows Bock merely copied this language from the judge's notes summarizing a status conference on Bock's claims. (Documents 93-5 and 93-6.)

There is simply no evidence showing Bock's administrative challenges or state court suits were successful.  In fact, the evidence suggests Bock's attempts to overturn his furlough revocation were unsuccessful.  Bock's § 1983 claim amounts to a collateral attack of these judgments.  The Heck rule serves, in part, "to preclude a convicted criminal defendant from making a collateral attack on [a] conviction through the vehicle of a civil suit." Huang, 251 F.3d at 73 (citing Heck, 512 U.S. at 484) (internal quotation omitted).  Under the rules and rationale of Heck, Bock's claim is barred.  Therefore, the Court GRANTS Defendants' Motion to Dismiss.

The Court notes this ruling also applies to Defendant Alex Anlyan, who is pro se in this matter.  Bock made no individual allegations against Anlyan, and appears to name him as a defendant because he works as a facilitator in the DOC's Cognitive Self-Change Program where Bock was required to earn

7

credits before being reconsidered for furlough.  The Court therefore dismisses the due process claims against all named defendants.

    II.   <u>Claim against Defendant Johnson</u>

    Bock alleges Defendant Cort Johnson, his furlough caseworker, on several occasions made unwanted sexual advances. Defendants move to dismiss any claim arising from the allegations because they are barred by res judicata.  The Court agrees.

    Under federal law, the doctrine of res judicata provides that "[a] final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981).  Thus, "once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties . . . concerning the transaction, or series of connected transactions, out of which the first action arose."  <u>Maharaj v. Bankamerica Corp.</u>, 128 F.3d 94, 97 (2d Cir. 1997) (internal quotation omitted).

    Bock's claim against Defendant Johnson is barred by res judicata because he has already obtained a final judgment on the merits in Vermont state court.  The claim, asserted under a state tort theory in Washington Superior Court, involves the same parties and the same facts.  Indeed, the facts here appear to be

lifted word for word from his state court complaint. The record shows Bock's claim was dismissed on the merits. <u>Gordon Bock v. Steven Gold, et al.</u>, Docket No. 186-3-05 Wncv. This judgment was affirmed on appeal by the Vermont Supreme Court. <u>Bock v. Gold</u>, 959 A.2d 990 (2008). Because a final judgment on the merits has issued, Bock's claim against Defendant Cort Johnson is dismissed.

III. <u>Conclusion</u>

Defendants' Motion to Dismiss (Paper 93) is GRANTED. Defendants' Motion to Extend Discovery Schedule (Paper 100) is moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 24th day of March, 2009.

/s/ J. Garvan Murtha  
J. Garvan Murtha  
United States District Judge